**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4790**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RONALD HAMILTON COOK, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Henry E. Hudson, District Judge. (3:07-cr-00101-HEH-1)

Submitted: March 15, 2012      Decided: March 19, 2012

Before DUNCAN and FLOYD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Michael S. Nachmanoff, Federal Public Defender, Valencia Roberts, Assistant Federal Public Defender, Caroline S. Platt, Appellate Attorney, Richmond, Virginia, for Appellant. Angela Mastandrea-Miller, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ronald Hamilton Cook, Jr., appeals the twenty-four-month sentence imposed following the district court's revocation of his term of supervised release. Cook's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning whether Cook's sentence was reasonable. Cook has not filed a pro se brief, though he was informed of his right to do so. Finding no error, we affirm.

The district court has broad discretion to impose a sentence upon revoking a defendant's supervised release. United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010). Thus, we assume "a deferential appellate posture concerning issues of fact and the exercise of [that] discretion," United States v. Crudup, 461 F.3d 433, 439 (4th Cir. 2006) (internal quotation marks omitted), and will affirm unless the sentence is "plainly unreasonable" in light of the applicable 18 U.S.C. § 3553(a) (2006) factors. Id. at 437.

Our first step in reviewing a sentence imposed upon a revocation of supervised release is to "decide whether the sentence is unreasonable." Id. at 438. A sentence is procedurally reasonable if the district court has considered the policy statements contained in Chapter 7 of the Sentencing Guidelines and the applicable § 3553(a) factors, id. at 439, and

2

has adequately explained the sentence chosen, though it need not explain the sentence in as much detail as when imposing the original sentence. Thompson, 595 F.3d at 547. A sentence is substantively reasonable if the district court states a proper basis for its imposition of a sentence up to the statutory maximum. Crudup, 461 F.3d at 440. Our review of the record on appeal leads us to conclude that the revocation sentence was procedurally and substantively reasonable.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Cook, in writing, of his right to petition the Supreme Court of the United States for further review. If Cook requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Cook. We dispense with oral argument because the facts and legal conclusions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED